**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ATUL JOSHI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-346-CMS** |
| | ) | |
| **SCARLET GRANT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Petitioner Atul Joshi, a noncitizen[1] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). The Court set an expedited briefing schedule, Doc. 6,[2] and the Petition is at issue. On February 25, 2026, Petitioner also filed a Motion for Temporary Restraining Order seeking the same relief sought in the Petition. Doc. 3. For the reasons set forth below, the Court **GRANTS** the Petition, Doc. 1, in part and **ORDERS** Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time. Further, Petitioner's Motion for Temporary Restraining Order, Doc. 3, is **DENIED as moot**.

---

[1] Unless quoting, this Order "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] This case was initially assigned to United States District Judge David L. Russell. Judge Russell set the briefing schedule. Doc. 6. On April 24, 2026, upon consent of the parties, this case was reassigned to the undersigned. Doc. 15.

## I.    <u>Background</u>

Petitioner, a citizen of India, entered the United States on or about June 7, 2022, without inspection or admission, and was taken into immigration custody shortly thereafter. Pet. at 13.  On June 9, 2022, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Doc. 1-1 at 1 (Notice to Appear). Respondents arrested Petitioner pursuant to an arrest warrant that stated he was being taken into custody under Section 236 of the Immigration and Nationality Act ("INA"), which was codified at 8 U.S.C. § 1226.  Pet. at 13; Doc. 1-3 (Warrant for Arrest of Petitioner). On June 11, 2022, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.  Pet. at 13; Doc. 1-2 at 1 (Order of Release on Recognizance). On November 10, 2022, Petitioner filed an application for asylum, which remains pending. Resp. at 15; Doc. 10-2 (Asylum Application).

On January 20, 2026, ICE re-detained Petitioner.  Pet. at 13.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) as an "applicant for admission." Resp. at 8.  Petitioner did not request a bond hearing.  Pet. at 5.  Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

2

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 3; Doc. 1-5.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited May 4, 2026).

## II.    <u>Petitioner's Claims</u>

Petitioner asserts three counts in his Petition.

- **Count I: Violation of 8 U.S.C. § 1226.**  Petitioner alleges his continued detention is a violation of § 1226(a) because he is properly detained under that provision and he has not been afforded a bond hearing as required by law. Pet. at 15.

- **Count II: Violation of Bond Regulations**.  Petitioner alleges his continued detention under § 1225(b)(2) violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, which state he is eligible for consideration for bond and entitled to a bond hearing before an IJ.  Pet. at 15-16.

- **Count III: Violation of Due Process**.  Petitioner alleges his continued detention without a hearing violates his right to due process. *Id*. at 16-17.

He asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to release him from custody immediately" or, alternatively, "provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or the Due Process Clause within seven days."  Pet. at 18 (citation modified).  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[3]  *Id*.

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

### III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    Analysis[4]

#### A.    The Court has jurisdiction to consider the Petition.

Respondents first argue this Court lacks jurisdiction to consider Petitioner's claims, based on 8 U.S.C. §§ 1252(g) and 1252(b)(9).  Resp. at 16-19.  However, Judges of this District have consistently ruled the INA "does not jurisdictionally bar" a habeas claim like Petitioner's because such a claim does not arise from and "does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders."  *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025); *see also Gonzalez Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) (same); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *4-5 (W.D. Okla. Dec. 26, 2025) (same); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025) (same); *Urbina Garcia v. Holt*, No. CIV-25-

---

[4] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition.  Pet. at 14-15.  Respondents do not dispute Petitioner's assertion.  The Court agrees that Petitioner was not required to exhaust before filing the Petition.  *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

1225-J, 2025 WL 3516071, at *2 (W.D. Okla. Dec. 8, 2025) (same). *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (expressing "grave doubts over whether it has subject matter jurisdiction" but assuming it had jurisdiction to proceed to the merits). The Court agrees with the majority of Judges of this District in finding that jurisdiction exists to consider Petitioner's habeas challenges to detention.

### B.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is being held in violation of § 1226(a) because that section governs his current detention yet he has not received a bond hearing to which he is entitled.

5

Pet. at 15. Respondents contend Petitioner is an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A). Resp. at 8-10, 14. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States, (2) § 1226(a) is reserved for those who do not fall within the confines of § 1225(b)(2)(A), (3) any overlap between the two provisions does not undermine ICE's interpretation of the two statutes, and (4) "applicants for admission" must necessarily be "seeking admission." Resp. at 20-34.

The Court has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting the reasoning set out more fully by the Court in *Carranza-Mejia v. Noem*, No. CIV-26-076-SLP, 2026 WL 682205, at *4-11 (W.D. Okla. Feb. 5, 2026) (R&R), *adopted*, 2026 WL 483650 (W.D. Okla. Feb. 20, 2026), the Court grants the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez*, 2025 WL 3709021, at *3. If all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *4 (W.D. Okla. Jan. 21, 2026). The Court best understands mandatory detention under § 1225(b)(2)(A) to

apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, application of § 1226(a) to Petitioner's current detention is supported by the fact he was detained and later released on his own recognizance under § 1226 in June 2022. Doc. 1-2 at 1; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226").

The Court's conclusion is consistent with the majority of judges in this District. Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner. *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-

7

1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin*, 2025 WL 3645176, at *5; *Urbina Garcia*, 2025 WL 3516071, at *4;[5] *see also Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2 (W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner").

Accordingly, the Court agrees with the reasoning of the majority of Judges in this District and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A). This conclusion is also in accord with the Second and Seventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Cunha v. Freden*, No. 25-3141-PR, --- F. 4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).[6]

---

[5] Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa*, 2026 WL 36344, at *3; *Alvarado Montoya*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025). The Court respectfully disagrees with the textual analysis and statutory interpretation of these decisions regarding who is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A).

[6] On April 28, 2026, a Second Circuit panel unanimously held § 1226 applies to noncitizens similarly situated to Petitioner. *Da Cunha*, 2026 WL 1146044, at *4 (agreeing with the

Further, consistent with the common approach of other Judges in this District, the Court concludes Petitioner should be afforded an individualized bond hearing as the appropriate remedy—not immediate release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))). "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Id.* (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Accordingly, the appropriate remedy for Petitioner is an individualized bond hearing pursuant to § 1226(a).

**C.     The Court declines to address Petitioner's remaining claims.**

Petitioner also argues his continued detention without a bond hearing violates bond regulations and his rights to due process. Pet. at 15-19. Because the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), it declines to address the merits of his claims based on bond regulations and due process. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-347-SLP, 2026 WL 893186, at *2 (W.D. Okla. Apr. 1, 2026) (recognizing "a district court is not obligated to adopt the precise remedy requested in the Petition and may decline to decide the merits of remaining claims as it deems appropriate" (citation

---

Seventh Circuit and the majority of district courts and finding the analysis of the 2-1 majorities in *Avila* and *Buenrostro-Mendez* "unpersuasive").

modified)); *Colin*, 2025 WL 3645176, at *6 n.3 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[7]

## V.    Conclusion

For the foregoing reasons, the Petition for habeas relief is **GRANTED in part**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him if he has not received a lawful bond hearing within that period.    Respondents are further **ORDERED** to certify compliance by filing a status report within seven business days of this Order.    Finally, Petitioner's Motion for Temporary Restraining Order, Doc. 3, is **DENIED as moot**.

**IT IS SO ORDERED** this 4th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

---

[7] Some Judges in this District, including this Court, have considered whether detention of similarly situated petitioners violates due process when those petitioners raise such a claim and seek a bond hearing specifically requesting the government bear the burden at such hearing to establish the petitioner's risk of flight or danger.  Here, the Petition neither requested burden shifting at a bond hearing nor alleged Petitioner was entitled to burden shifting as someone previously released and re-detained without due process.  Petitioner belatedly argued in his reply brief that the government should bear the burden of proof at any future bond hearing, but that argument was too late and improperly raised for the first time in his reply.  *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (recognizing "general rule" "that a party waives issues and arguments raised [] for the first time" in a reply brief); *Stillwater Designs & Audio Inc. v. Klein*, No. CIV-24-784-SLP, 2025 WL 365651, at *2 n.7 (W.D. Okla. Jan. 31, 2025) (declining to consider arguments raised for the first time in reply).  As such, any relief ordered in this case from a due process violation would be limited to the same relief ordered for the INA violation.